UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

*13-4086*

IN RE: ETHICON, INC., PELVIC
REPAIR SYSTEM PRODUCTS
LIABILITY LITIGATION                                         MDL No. 2327

## TRANSFER ORDER

**Before the Panel:**[*] Pursuant to Panel Rule 7.1, certain parties to the actions listed on Schedule A move to vacate our orders conditionally transferring these actions to MDL No. 2327. Movants in the Eastern District of Missouri *Fitzgerald*, Western District of Missouri *Malcolm*, and Eastern District of Pennsylvania *Hammons*, *Musewicz*, and *Delacruz* actions are plaintiffs. Defendants Johnson & Johnson and Ethicon, Inc. (collectively Ethicon) oppose the motions to vacate. Defendant Boston Scientific Corp. also opposes the motion to vacate the Eastern District of Pennsylvania actions. Movant in the Northern District of Texas *Gay* action is defendant LifeCell Corp. (LifeCell). Plaintiff opposes the motion to vacate as to *Gay*.

MDL No. 2327 is one of six MDLs pending in the Southern District of West Virginia involving allegations of defects in surgical products manufactured by five separate defendant groups and used to treat pelvic organ prolapse and stress urinary incontinence. *See In re: Avaulta Pelvic Support Sys. Prods. Liab. Litig.*, MDL No. 2187, 746 F. Supp. 2d 1362 (J.P.M.L. 2010); *In re: Am. Med. Sys., Inc., Pelvic Repair Sys. Prods. Liab. Litig., et al.*, MDL Nos. 2325, 2326, and 2327, 844 F. Supp. 2d 1359 (J.P.M.L. 2012); *In re: Coloplast Corp. Pelvic Support Sys. Prods. Liab. Litig.*, MDL No. 2387, 883 F. Supp. 2d 1348, 1348 (J.P.M.L. 2012); *In re: Cook Med., Inc., Pelvic Repair Sys. Prods. Liab. Litig.*, MDL No. 2440, Transfer Order, __ F. Supp. 2d __ (J.P.M.L. Jun. 11, 2013).

After considering all argument of counsel, we find that these actions share questions of fact with actions in this litigation previously transferred to the Southern District of West Virginia, and that transfer of these actions in their entirety to MDL No. 2327 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Like many of the already-centralized actions, these actions involve factual questions arising from allegations that pelvic surgical mesh products manufactured by Ethicon were defectively designed, manufactured and marketed, resulting in serious injuries, and that defendants failed to provide appropriate warnings and instructions regarding the risks and dangers posed by these devices. *See In re: Ethicon, Inc., Pelvic Repair Sys. Prods. Liab. Litig., et al.*, 844 F. Supp. 2d 1359 (J.P.M.L. 2012).

In support of the motions to vacate, plaintiffs in the Eastern District of Missouri *Fitzgerald*, Western District of Missouri *Malcolm*, and Eastern District of Pennsylvania *Hammons*, *Musewicz*, and *Delacruz* actions argue that these actions were improperly removed and plaintiffs' motions to

---

[*] Judge Sarah S. Vance did not participate in the disposition of this matter.

-2-

remand to state court are pending. The Panel often has held that jurisdictional issues do not present an impediment to transfer, as plaintiff can present such arguments to the transferee judge.[1] *See, e.g., In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

The *Malcolm* plaintiff requests that the Panel sever her claims against the healthcare defendants (Todd Richards, M.D. and Freeman Health System) and remand them to Missouri state court. First, Section 1407 does not confer on the Panel the authority to remand claims to state court. Second, while the Panel may sever and remand claims to the transferor court where appropriate, we decline to do so here. There are numerous medical negligence claims pending in MDL No. 2327 against various healthcare defendants, most of whom are not named in more than one action. We are not persuaded that the circumstances of the *Malcolm* action warrant dissimilar treatment.

Plaintiffs in the Eastern District of Pennsylvania actions argue that transfer will result in dismissal of their claims against defendants Secant Medical, Inc. and Secant Medical, LLC (Secant), because they are not named in the master complaint in MDL No. 2327. These plaintiffs seem to be confused about the effect of the transferee court's rulings, which have held that plaintiffs filing claims against defendants not named in the master complaint cannot *directly file* their claims in the Southern District of West Virginia. Plaintiffs' claims against such defendants are free to proceed in the MDL once they are transferred by the Panel pursuant to Section 1407.

The Northern District of Texas *Gay* action, at first blush, does not appear related to MDL No. 2327. It does not name Ethicon as a defendant or involve an Ethicon product. However, the *Gay* plaintiff was implanted with products manufactured by both LifeCell and Ethicon at the same time and seeks to bring claims against both—similar to other multi-product/multi-defendant actions pending in MDL No. 2327. Oddly, plaintiff chose to directly file her claims against Ethicon in MDL No. 2327 and file her claims against LifeCell in Texas and requests transfer of those claims to MDL No. 2327. While the situation is procedurally confusing, transfer is consistent with the Panel's determination to keep the claims in multi-product/multi-defendant actions together in this MDL. It is clear that the plaintiff intended to bring her claims against both manufacturers together, and vacating the CTO in this situation would elevate form over substance. Though the complaint itself does not name Ethicon as a defendant, given that the products were implanted together, the action will share common factual issues.

LifeCell argues that *Gay* is the only pelvic mesh action in which it is named, and that it should be excluded from the MDL because it does not manufacture a "mesh device." We previously have rejected similar arguments. *See* Transfer Order, MDL No. 2327 (*Sitten*) (J.P.M.L. Jun. 12, 2013). While it may be that the claims against LifeCell are easily separable or are not sufficiently related to

---

[1] Moreover, under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand or other motion is filed and the date the Panel finalizes transfer of the action to the MDL, a court wishing to rule upon that motion generally has adequate time to do so.

-3-

the claims regarding pelvic repair products manufactured by other defendants, the transferee judge is in the best position to make that determination. *See In re Nat'l Football League Players' Concussion Injury Litig.*, 842 F. Supp. 2d 1378, 1379 (J.P.M.L. 2012). If the transferee judge determines after close scrutiny that remand of any claims is appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Panel Rules 10.1-10.3.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, these actions are transferred to the Southern District of West Virginia and, with the consent of that court, assigned to the Honorable Joseph R. Goodwin for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil  Paul J. Barbadoro
Marjorie O. Rendell  Charles R. Breyer
Lewis A. Kaplan



A TRUE COPY CERTIFIED ON

OCT 17 2013

TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia
By _____ Deputy

IN RE: ETHICON, INC., PELVIC
REPAIR SYSTEM PRODUCTS
LIABILITY LITIGATION            MDL No. 2327

## SCHEDULE A

<u>Eastern District of Missouri</u>

Bridgette Marie Fitzgerald, et al. v. Johnson & Johnson, et al., C.A. No. 4:13-01118

<u>Western District of Missouri</u>

Alicia Malcolm v. Ethicon, Inc., et al., C.A. No. 3:13-05083

<u>Eastern District of Pennsylvania</u>

Patricia L. Hammons v. Ethicon, Inc., et al., C.A. No. 2:13-04086
Gail Musewicz, et al. v. Ethicon, Inc., et al., C.A. No. 2:13-04087
Maria D. Delacruz, et al. v. Ethicon, Inc., et al., C.A. No. 2:13-04088

<u>Northern District of Texas</u>

Delinda Gay v. LifeCell Corp., C.A. No. 3:13-02639